# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3219

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Arkansas. |
| | * | |
| J. C. Collins, | * | [UNPUBLISHED] |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: May 17, 2007
Filed: June 14, 2007

_____

Before WOLLMAN, BRIGHT, and JOHN R. GIBSON, Circuit Judges.

_____

PER CURIAM.

A grand jury indicted J.C. Collins for conspiracy to distribute more than 500 grams of methamphetamine in violation of 21 U.S.C. § 846, money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i), and conspiracy to launder drug proceeds in violation of 18 U.S.C. § 1956(h). Prior to his trial, Collins filed a motion to suppress the currency seized both from his person and a Federal Express package addressed to him. The district court[1] denied the motion to suppress and the jury returned a guilty

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

verdict against Collins on all counts. The district judge imposed a sentence on Collins of life imprisonment. Collins now appeals from the conviction, raising the sole issue of the trial court's denial of his motion to suppress. For the following reasons, we affirm.

Collins argues that police unlawfully seized from a Mail Boxes Etc. store a Federal Express package addressed to him by removing it to the loading dock and performing a canine sniff. He also contends that police lacked reasonable suspicion to seize the package after the dog alerted to the presence of contraband. These arguments lack merit. We assume, without deciding, that removal of the package constituted a seizure for Fourth Amendment purposes, but conclude reasonable suspicion supported the removal. Reasonable suspicion exists when there is sufficient evidence at the time of the seizure for a reasonable officer to suspect that the package contained contraband. United States v. Zacher, 465 F.3d 336, 338 (8th Cir. 2006).

In the instant case, prior to arriving at the store, police (a) understood that a known drug supplier (the sender) was sending cash, for at least the second time in consecutive weeks, via Federal Express, (b) knew this was a common method of exchanging drug sale proceeds, and (c) possessed reliable information that Collins, also a known drug supplier, had previously used Western Union for such purpose. This information created reasonable suspicion to justify the brief seizure, if any, of the package on the loading dock and the canine's subsequent alert served to permit seizing the package while the officers obtained a warrant for its search. See id. at 339 (finding dog's alert created reasonable suspicion to permit seizure).

Collins also argues that on October 13, 2003, police unlawfully seized approximately $11,000 in cash from his person at the Little Rock airport. Collins maintains that although he consented to a pat-down search, the incriminating nature of the money found during the pat-down was not immediately apparent. We disagree.

Police had ample information that Collins had been traveling in central Arkansas collecting money from drug debts and would be flying from Little Rock to California with the proceeds on his person. Considering the information police knew at the time of the search, it became immediately apparent that the approximately $11,000 in cash on Collins's person was incriminating. See United States v. Bustos-Torres, 396 F.3d 935, 945 (8th Cir. 2005) (concluding wad of paper money felt during pat-down search immediately apparent as incriminating considering circumstances leading to stop).

For these reasons, the district court properly rejected the motion to suppress.

_____